## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.

PALM SPRINGS MILE ASSOCIATES, LTD.,
a Florida limited partnership,

  Plaintiff,

vs.

BOSTON MARKET CORPORATION, a
Delaware corporation,

  Defendant.

_____/

### COMPLAINT

  PALM SPRINGS MILE ASSOCIATES, LTD. hereby sues BOSTON MARKET CORPORATION, and alleges as follows:

### Introduction

  1. This is an action for breach of a lease, seeking damages in excess of $726,000, and for declaratory judgment pursuant to 28 U.S.C. § 2201.

  2. Defendant—a national restaurant chain—implemented a predetermined, national policy of refusing to pay rent when due.

  3. Invoking the circumstances of COVID-19, Defendant has engaged in economic self-help by failing and refusing to meet its contractual obligations to pay rent and other charges for the space it leases from Plaintiff.

  4. Plaintiff, of course, recognizes the challenges posed by COVID-19, including on its own business—as its financial obligations (for which it depends on its tenants' rent payments)

remain.  Under the express terms and provisions of Defendant's lease, however, Defendant is obligated to pay rent and that obligation is not excused.

5.　　　　Nevertheless, Defendant confirmed its intent not to pay rent and repudiated its obligation to pay future rent in advance of the next due date.  True to its word, it failed to pay rent when due in April, May, June, and July 2020.

6.　　　　Accordingly, Plaintiff was forced to take this legal action to compel Defendant's compliance with its payment obligations.

7.　　　　The facts are set forth in detail below.

### The Parties and Jurisdiction

8.　　　　Plaintiff PALM SPRINGS MILE ASSOCIATES, LTD. ("PSM or Landlord") is a Florida limited liability company, with its principal place of business in Miami-Dade County, Florida.  Its partners are as follows:

    a.　SL Florida LLC, a Florida limited liability company, whose members are Sheila Chess, who is domiciled in and a citizen of New York; Sheila Levine Irrevocable Grantor Trust, a traditional trust, whose trustee is Jordan Pilevsky, a citizen of New York; and Palm Mile Corp., a New York corporation with its principal place of business in New York;

    b.　Allen Pilevsky, who is domiciled in and a citizen of New York;

    c.　Palm Springs Mile GP LLC, a Delaware limited liability company, whose members are as follows:

        i.　Philip Pilevsky, who is domiciled in and a citizen of New York;

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

   ii.   PP Palm Springs Mile LLC, a Delaware limited liability company, whose sole member is Philip Pilevsky, who is domiciled in and a citizen of New York;

   iii.   SIP Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

         a.   SIP Hialeah Trust, a traditional trust, whose trustees are Michael T. Pilevsky, who is domiciled in and a citizen of New York; and Samantha J. Hoffman, who is domiciled in and a citizen of New Jersey; and

         b.   SIP Descendants Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York;

   iv.   SJH Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

         a.   SJH Hialeah Trust, a traditional trust, whose trustees are Seth Pilevsky, who is domiciled in and a citizen of New York; and Michael Pilevsky, who is domiciled in and a citizen of New York; and

         b.   SJH Descendants Hialeah Trust, a traditional trust, whose trustee is Samantha Hoffman, who is domiciled in and a citizen of New Jersey;

   v.   MTP Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

3

      a.   MTP Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York; and

      b.   MTP Descendants Hialeah Trust, a traditional trust, whose trustee is Michael Pilevsky, who is domiciled in and a citizen of New York;

   vi.  HSL Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

      a.   HSL Hialeah Trust, a traditional trust, whose trustees are Michael Pilevsky, who is domiciled in and of New York; and Josef Leifer, who is domiciled in and a citizen of New Jersey; and

      b.   HSL Descendants Hialeah Trust, a traditional trust, whose trustees are Heidi Leifer, who is domiciled in and a citizen of New Jersey; and Josef Leifer, who is domiciled in and a citizen of New Jersey;

   vii.  Corinne Sprung, who is domiciled in and a citizen of New York;

   viii.   Jordan Pilevsky, who is domiciled in and a citizen of New York;

   ix.  Stephanie Pilevsky, who is domiciled in and a citizen of New York; and

   x.  Joshua Levine, who is domiciled in and a citizen of New York.

9.    Defendant BOSTON MARKET CORPORATION ("Defendant" or "Tenant") is a Delaware corporation with its principal place of business in Golden, Colorado.

4

10.     This Court has jurisdiction under diversity principles pursuant to 28 U.S.C. §§ 1332. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

11.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), where a substantial part of the events or omissions giving rise to the claim occurred, and where the payment being sought is due.

12.     This Court has personal jurisdiction under Florida's long-arm statute, through Defendant's operation of a commercial restaurant in this district. Defendant operates, conducts, engages in, and carries on a business or business venture in this state or has an office or agency in this state; has caused injury to persons or property within this state arising out of an act or omission by Defendant outside this state, while Defendant was engaged in solicitation or service activities within this state; and breached a contract in this state by failing to perform acts required by the contract to be performed in this state. Defendant regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. The activities of Defendant within the state are substantial and not isolated. In addition, this action arises out of transactions and operations connected with and incidental to Defendant's business within the state and, specifically, the business relationship between Plaintiff and Defendant.

## GENERAL ALLEGATIONS

13.     On or about February 22, 2013, Plaintiff, as Landlord, and Defendant, as Tenant, entered into a Lease for the Premises, as defined in the Lease, in the Palm Springs Mile Shopping Center located in Hialeah, Florida and owned by the Plaintiff.

5

14.     Plaintiff references and incorporates the Lease, as amended, and the terms as defined therein, as Exhibit "1" hereto.

15.     The Lease, as amended, is for a term of years expiring on or about May 31, 2024. The total Rent and other charges for the remaining term of the Lease are in excess of $726,000.

16.     Tenant is currently in possession of the Demised Premises, pursuant to the Lease.

17.     Defendant, however, breached the Lease by failing to pay Rent and other charges when due on April 1, 2020.  Defendant further advised that it would not pay Rent for future months as a result of the circumstances related to COVID-19.

18.     Specifically, on March 17, 2020, Defendant sent Plaintiff a letter purporting to invoke the *force majeure* provision of the Lease and advising that Rent payments would not be made timely.

19.     While the Lease does contain a *force majeure* provision in Article 34 of Exhibit C, the provision does not excuse Defendant's payment obligations.  The provision expressly provides that "the lack of funds or financing shall not be deemed an event beyond either party's control for purposes of this Article 34."  Accordingly, since the provision does not excuse Defendant's failure to pay rent, there is no contractual basis for Defendant to avoid its obligation to pay rent.

20.     As promised in its March 17, 2020 letter, Defendant failed to pay Rent going forward, including for April, May, June, and July 2020.

21.     The non-payment implemented Defendant's predetermined, national policy of refusing to pay rent when due.

22.     Plaintiff recognizes the challenges posed by COVID-19, including on its own business.  Under the express terms and provisions of the Lease, however, Defendant is obligated to pay Rent and that obligation is not excused.

6

23.     Accordingly, Plaintiff responded to Defendant's letter on April 7, 2020, informing Defendant that there were no events covered by the *force majeure* clause and that obligations under the Lease remained outstanding.

24.     On May 6, 2020, moreover, Plaintiff delivered written notice to Defendant advising that Rent had not been paid pursuant to the Lease and asking Defendant to confirm payment would be sent.

25.     Further, on June 4, 2020, Plaintiff delivered additional written notice to Defendant of its default under the Lease and made a final demand for payment.

26.     Defendant's refusal to pay past due rent, as well as future rent, constituted an anticipatory repudiation of its obligations under the Lease.

27.     Having breached the Lease, refused to cure, and anticipatorily repudiated its obligation to pay future rent, Defendant then further breached its obligations in fact by failing to pay rent when due in April, May, June, and July 2020.

28.     Defendant's actions waived and excused any further notices or demands by Plaintiff to seek payment, or opportunity for Defendant to cure, which were futile and would have been in vain in any event.  Defendant had made a predetermined decision not to pay rent and had no intention to reconsider its position.

29.     Plaintiff has declared and hereby reasserts the defaults and declares the full amount of the Rents and charges for the remaining term of the Lease to now be due, in excess of $726,000.

30.     All conditions precedent to the filing of this action have been fulfilled, satisfied, waived, excused, or are futile.

31.     This action does not waive the right of Plaintiff, which is expressly reserved, to seek eviction of Defendant, including in a separate legal action.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

32.     Plaintiff has retained the law firm of Coffey Burlington, P.L. and is obligated to pay the firm a reasonable fee.

## COUNT I
### (ACTION FOR PAST DUE RENTS)

33.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-32 above as if fully set forth herein, and further states as follows:

34.     This is an action for damages arising out of Defendant's breach of the Lease.

35.     Plaintiff and Defendant entered into the Lease as alleged above.

36.     Defendant failed to pay, when due, certain rents and other charges pursuant to the Lease, and is therefore in default of the Lease.

37.     Plaintiff made written demands upon Defendant for payment of the amounts due, but despite the demands, Defendant failed to pay.

38.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant for the past-due amounts under the Lease, as well as for additional Rent and other charges that may continue to accrue, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT II
### (ACTION FOR FUTURE RENTS)

39.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-32 above as if fully set forth herein, and further states as follows:

40.     This is an action for damages arising out of Defendant's breach of the Lease.

41.     Plaintiff and Defendant entered into the Lease as alleged above.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

42.   Defendant failed to pay, when due, certain rents and other charges pursuant to the Lease, and is therefore in default of the Lease.

43.   Plaintiff made written demands upon Defendant for payment of the amounts due, but despite the demands, Defendant failed to pay the amounts.

44.   Defendant, moreover, anticipatorily repudiated its obligation to pay Rent for April 2020 and in the future.

45.   Accordingly, Plaintiff is entitled to any and all remedies available under the Lease, which states that:

> In the event of a default by Tenant hereunder, Landlord shall have, in addition to all other remedies, the option of treating all or any part of the Rent served in this Lease for the remainder of the stated term hereof as immediately due and payable from Tenant to Landlord as if the terms of this Lease were payable in advance, it being understood that the method of monthly or other periodic payments provided for herein are for the convenience of Tenant and available to Tenant only if Tenant is not in default under this Lease.

*See* Lease § 26.03.

46.   Based on Defendant's default and repudiation of its obligations under the Lease, Plaintiff is entitled to immediate payment of the balance of the future Rents and other charges for the full remaining term of the Lease, which are in excess of $726,000.  Plaintiff has declared and hereby reasserts the default and declares the full amount of the Rents and other charges for the remaining term of the Lease to now be due.[1]

---

[1]   Plaintiff expressly reserves and in no way waives its rights to terminate the Lease or Defendant's right of possession, or to seek eviction of Defendant—although those rights are not being pursued in this action.

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

WHEREFORE, Plaintiff demands judgment against Defendant for the full amount of future Rents and charges under the Lease, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT III
### (ACTION FOR DECLARATORY JUDGMENT)

47.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-32 above as if fully set forth herein, and further states as follows:

48.     Defendant has failed and refused to pay Rents pursuant to the Lease, based on the *force majeure* provision in Article 34.

49.     Defendant, moreover, has repudiated its obligation to pay Rent for future months.

50.     Plaintiff contends that the *force majeure* provision does not excuse Defendant's obligation to pay rent.  The provision expressly provides that "the lack of funds or financing shall not be deemed an event beyond either party's control for purposes of this Article 34." Accordingly, since the provision does not excuse Defendant's failure to pay rent, there is no contractual basis for Defendant to avoid its obligation to pay rent.

51.     There is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

52.     Declaratory relief would serve a useful and important purpose in clarifying and settling the legal relations in issue, and would terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff requests that this Court issue a judgment declaring (a) that the *force majeure* provision under the Lease does not excuse Defendant's obligation to pay Rent and other amounts; (b) that Defendant's failure and refusal to pay Rent based on the *force majeure*

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

provision is not warranted, and constitutes a breach of the Lease; (c) that Defendant is obligated to pay Rent and other amounts due, in an amount to be determined by the Court; and (e) awarding Plaintiff interest, costs, and attorneys' fees, along with such other and further relief as may be permitted.

Dated: July 9, 2020

Respectfully submitted,

By: ___/s/ *Kevin C. Kaplan*_____

**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**Alexander J. Hall, Esq.**
Florida Bar No. 0112948
ahall@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261
*Counsel for Plaintiff*

11